SECOND DIVISION

MARCH 31, 2000

No. 1-99-0674

THOMAS RADTKE, ) ON APPEAL FROM

) THE CIRCUIT COURT

) OF COOK COUNTY

Plaintiff-Appellant, )

) No. 96 L 5298

)

)

THOMAS J. MURPHY, ) THE HONORABLE

) JOSEPH CASCIATO,

Defendant-Appellee. ) JUDGE PRESIDING.

PRESIDING JUSTICE COUSINS delivered the opinion of the court:

Plaintiff, Thomas Radtke, filed a two-count complaint alleging legal malpractice and breach of an agency agreement against defendant, attorney Thomas J. Murphy, in the circuit court of Cook County. Plaintiff alleged that defendant’s negligence caused him to be sued in a federal court action that  was settled and dismissed without any pecuniary obligation on plaintiff's part.  Plaintiff sued defendant seeking reimbursement for the fees and costs attendant to defending himself in the federal case as well as for emotional distress, anxiety, and loss of reputation.  Defendant filed a motion for summary judgment, which the trial court granted.  On appeal, plaintiff contends that the lower court erred in granting defendant's motion because he sufficiently presented genuine issues of material fact relative to his legal malpractice and breach of agency claims.

We affirm.  

BACKGROUND

For the greater part of 1993, plaintiff was the president and a member of the board of directors of the North State, Astor, Lake Shore Drive Association, a Chicago neighborhood association located in the area in which plaintiff lived.  Defendant was general counsel for the association. 

In 1993, a dispute arose between the Tizes family, who owned two properties in the area, and plaintiff, other area residents, and the association.  The Tizes wanted to rezone and make  certain improvements to their abutting properties located at 1401 North Astor Street and 38 East Schiller Street.  The City of Chicago zoning administrator approved the Tizes' development plans and, thereafter, the building commissioner issued the Tizes a building permit.  

Defendant, on behalf of plaintiff and the other opposing property owners, appealed the zoning administrator's decision to the Zoning Board of Appeals of the City of Chicago (Zoning Board of Appeals). The Zoning Board of Appeals affirmed the zoning administrator's decision in February 1994.

Plaintiff then told defendant that it appeared that no further recourse could be taken.  Defendant informed plaintiff that the next and last step was to challenge the result of the Zoning Board of Appeals by filing an administrative review proceeding.  Plaintiff states that defendant told him that he and the individual members of the association were required to be named as parties to this administrative review process. 

Plaintiff alleges that he told defendant that he would not have anything to do with any suits against the Tizes for money damages or for any relief which sought to enjoin the Tizes' use of or changes to their property.  Plaintiff alleges that defendant assured him that such claims were not involved and that the only issue in the administrative review proceeding would be the propriety of the Zoning Board of Appeals’ decision.  Plaintiff authorized defendant to seek administrative review of the Zoning Board of Appeals' decision.      

On March 4, 1994, defendant, on behalf of plaintiff (as board member and former president of the North State, Astor, Lake Shore Drive Association), Stephen Alport, Catherine Alport, Joseph R. Curcio, Bonnie Herman Radtke, Mary Lou Maher, Curtis Cohen, and Susan Cohen filed a five-count complaint in chancery court.  
Alport v. City of Chicago
, No. 94 CH 1987 (hereafter 
Alport
).  Plaintiff was joined solely in Counts I and II.     

In count I, the plaintiffs sought injunctive relief.  In count II, the plaintiffs sought review of the Zoning Board of Appeals' decision as well as preliminary and permanent injunctive relief.  

In count III, plaintiffs Steven Alport, Catherine Alport, and Joseph R. Curcio sought compensatory damages in excess of $30,000 and punitive damages in the sum of $1,000.  In count IV, a nuisance claim, plaintiffs Steven Alport, Catherine Alport, and Joseph Curcio sought a temporary restraining order that would bar the Tizes from proceeding with construction as well as a preliminary injunction that would stop the Tizes from proceeding with construction.  The plaintiffs also sought a permanent injunction and the costs for removal of an existing structure.  In count V, Steven Alport, Catherine Alport, and Joseph Curcio sought a judgment in excess of $30,000.   

On March 4, 1994, the chancery court judge issued a restraining order that precluded the Tizes from proceeding with their renovation plans.  The restraining order was dissolved in January 1995.    

Plaintiff stated that he first learned of the lawsuit from reading a newspaper article.  He withdrew from the 
Alport
 case on May 25, 1994.   

In December 1994, the Tizes filed a federal lawsuit against plaintiff, Joseph Curcio, Stephen Alport, and Mary Lou Maher individually and as officers of the North State, Astor, Lake Shore Drive Association.  The Tizes also named Catherine McAdams Alport as a defendant.  
Tizes v. Joseph Curcio
, No. 94 C 7657.  The Tizes alleged discriminatory interference with property, violation of the Fair Housing Act (42 U.S.C. §3601 
et
 
seq.
 (1994)), ethnic discrimination, two counts of intentional interference with prospective economic advantage, intentional infliction of emotional distress, breach of fiduciary duties, and civil conspiracy. 

On May 10, 1996, plaintiff filed a lawsuit against defendant.  Defendant moved to dismiss the original complaint and plaintiff was given leave to file an amended complaint.  Defendant moved to dismiss the amended complaint under sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 2-619 (West 1996)).  The section 2-619 grounds were based on the fact that plaintiff had authorized the administrative review and also that the Tizes had stipulated that the federal court action was based on acts that occurred between March 1993 and February 1994, before the administrative review action was filed.  The trial court granted plaintiff leave to file a second amended complaint and instructed him that he would have to plead facts explaining why the Tizes' stipulation did not operate as a bar to the instant case. 

In count I of the second amended complaint, plaintiff  alleged legal malpractice.  In count II, plaintiff alleged breach of an agency agreement.  Defendant moved to dismiss the second amended complaint under sections 2-615(a) and 2-619(a)(9).  The reasons for defendant's motion were that plaintiff failed to plead facts establishing the necessary elements of a legal malpractice action, that the economic loss rule barred any claim other than a legal malpractice claim, and that plaintiff failed to state a claim for implied indemnity. 

On May 29, 1997, the trial court denied defendant's motion to dismiss with prejudice.  The trial court instructed defense counsel to bring the action after the federal case had been decided to see if there were any elements of damages.

In January 1998, the federal court case was settled and dismissed.  Plaintiff was not required to and did not pay any money in connection with the settlement and dismissal of the federal court matter.  Defendant thereby moved for summary judgment on the grounds that plaintiff could not establish the causation and damages elements of a legal malpractice claim, the economic loss doctrine barred plaintiff's breach of agency agreement claim, plaintiff did not have any damages because the federal court action was dismissed and plaintiff was not obligated to pay anything, plaintiff authorized defendant to file the administrative review action, the Tizes stipulated that the federal court action was not based on any act occurring after February 1994 and defendant committed no wrongful act.  

In response to defendant's motion, plaintiff filed two affidavits, one in which he was the affiant and the other from attorney Patrick M. Ouimet, one of the Tizes' federal court attorneys.  In his affidavit, plaintiff attested that he was, for the greater part of 1993, the president and a board member of the North State, Astor, Lake Shore Drive Association; that a dispute arose between the Tizes and the association and certain residents regarding the Tizes’ plans to get their property rezoned; and that defendant informed plaintiff that to challenge the Tizes’ plans, plaintiff and the other neighbors would have to be a party to certain proceedings that entailed presenting objections to the City of Chicago and other agencies.  Plaintiff further stated that defendant, on plaintiff's and the other neighbors' behalf, challenged the Tizes’ proposals in the City of Chicago proceedings and that after the Zoning Board of Appeals ruled in the Tizes’ favor, defendant informed plaintiff that the last step was for the plaintiff and other neighbors to challenge the Zoning Board of Appeals' decision by individually becoming parties to an administrative review proceeding that would question the propriety of the Zoning Board of Appeals' decision.  Plaintiff further averred that defendant led him to believe that this action was an additional proceeding before the Zoning Board of Appeals.  Plaintiff attested that he was unaware that this meant that defendant would file a lawsuit.  Plaintiff further averred that he told defendant that he was aware that others were contemplating a lawsuit against the Tizes and that he would have nothing to do with any suits against them for money damages or for any relief which sought to enjoin them from using or making changes to their property.  Plaintiff stated that defendant told him that such claims were not involved and plaintiff, thereafter,  authorized defendant to file the administrative review proceeding.  Plaintiff further stated that defendant filed a lawsuit without plaintiff’s knowledge, that defendant never provided plaintiff with a copy of the complaint, and that defendant failed to inform him of the suit's contents.  Plaintiff further attested that he was served in January 1995 with process as a defendant in the Tizes’ federal court case and that the Tizes’ attorney told plaintiff that he was named in the federal case as a direct and proximate result of defendant’s naming him as a plaintiff in the chancery court case.  Plaintiff stated that he was dismissed as a party to the chancery case, that defendant never informed him of the potential conflicts of interest, and that defendant never fully advised him of the perils and pitfalls of proceeding with the challenges to the Zoning Board of Appeals' decision.

In response, defendant moved to strike portions of plaintiff’s affidavit.  Defendant contended that plaintiff’s statement that the Tizes’ attorney told him that he was named as a defendant in the federal case because he was a plaintiff in the chancery action constituted inadmissible hearsay.  Defendant also asserted that the statements that defendant had never informed plaintiff of the potential conflicts of interest and that defendant never advised plaintiff of the perils and pitfalls of proceeding with challenges to the Zoning Board of Appeals decision were vague, conclusory, and unsupported by specific facts.  The trial court never ruled on this motion.    

At the hearing on the motion for summary judgment, plaintiff introduced an affidavit from attorney Ouimet.  In his affidavit, Ouimet attested that plaintiff was named as a defendant "principally" because he was a named plaintiff in the administrative review proceeding. 

The trial court granted defendant's motion.  This appeal followed. 

ANALYSIS

Plaintiff appeals the trial court's granting of defendant's motion for summary judgment.  Appellate review of an order granting summary judgment is 
de novo
.  
Thomas v. Sklodowski
, 303 Ill. App. 3d 1028, 1032, 709 N.E.2d 656, 658 (1999); 
Lajato v. AT&T, Inc.
, 283 Ill. App. 3d 126, 134, 669 N.E.2d 645, 651 (1996).   

Summary judgment is proper when the pleadings, depositions, and affidavits on file, construed in the light most favorable to the nonmoving party, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  
Thomas
, 303 Ill. App. 3d at 1032, 709 N.E.2d at 658; 
Glass v. Pitler
, 276 Ill. App. 3d 344, 348-89, 657 N.E.2d 1075, 1078 (1995). 

Plaintiff contends that the lower court erred in granting summary judgment in defendant's favor because he sufficiently pled legal malpractice and breach of agency agreement claims.  

Specifically, plaintiff asserts that defendant's negligence, the filing and joining of plaintiff in the administrative proceeding where damages were sought, caused him to be sued in federal court.  Plaintiff also alleges that the Tizes' attorneys' stipulation that the federal suit did not arise from acts occurring after February 1994 did not bar his action.  Further, plaintiff submits that the affidavit from one of the federal court attorneys that indicated that plaintiff was named in the federal court because he was a named party in the chancery action proves his legal malpractice claim.  For the following reasons, we disagree with plaintiff's contentions. 

I. Legal Malpractice Claim

To prevail in a legal malpractice action, the complainant must demonstrate that an attorney/client relationship existed, that a duty arose from that relationship, that the defendant breached that duty, and that complainant suffered actual damages as a proximate result of the breach.  
Thomas
, 303 Ill. App. 3d at 1032, 709 N.E.2d at 658-59; 
Glass v. Pitler
, 276 Ill. App. 3d 344, 349, 657 N.E.2d 1075, 1078 (1995); 
Ignarski v. Norbut
, 271 Ill. App. 3d 522, 525, 648 N.E.2d 285, 288 (1995); 
Claire Associates v. Pontikes
, 151 Ill. App. 3d 116, 122, 502 N.E.2d 1186, 1190 (1986).   

In the instant case, it is uncontroverted that plaintiff and defendant had an attorney/client relationship and that defendant owed plaintiff a duty that arose out of that relationship.  Therefore, the first two elements of a legal malpractice claim are met.  However, the issues that remain are whether defendant breached his duty by joining plaintiff in the chancery action even though defendant did not name him in the counts of the complaint that sought damages and whether the breach caused the Tizes to sue him in their federal court action.  

In the instant case, plaintiff authorized defendant to file an administrative review proceeding on his behalf.  He states that he instructed defendant not to seek damages or injunctive relief.  Defendant filed a five-count complaint in which he solely joined plaintiff in counts I and II.  Count I was an action for injunctive relief.  Count II was an action for administrative review and preliminary and permanent injunctive relief.  The injunctive relief sought in counts I and II was part and parcel of the administrative review process.  These two counts did not involve the recovery of money damages as did counts III, IV, and V in which plaintiff was not joined. 

Defendant states that he did not commit any wrongful act because he joined plaintiff only in the two counts seeking administrative review and injunctive relief that was part and parcel of the administrative review claim.  However, plaintiff counters that defendant's joining him as a party to a complaint in which damages were sought constituted a breach.  

Yet, even if defendant's conduct constituted a breach of his duty, plaintiff's legal malpractice claim fails because in order to establish a legal malpractice case, a plaintiff must demonstrate that, "but for" the attorney’s negligence, he or she would not have suffered the damages alleged.  
Glass v. Pitler
, 276 Ill. App. 3d at 349 , 657 N.E.2d at 1079; 
Ignarski v. Norbut
, 271 Ill. App. 3d at 525, 648 N.E.2d at 288; 
Claire Associates v. Pontikes
, 151 Ill. App. 3d at 122, 502 N.E.2d at 1190.  For the following reasons, plaintiff cannot prove the "but for" requirement here.

During the federal court proceedings, one of the Tizes' attorneys stipulated that the federal suit did not involve any actions that occurred after February 1994.  The chancery court action was filed in March 1994.  Defendant asserts that this stipulation is one of the reasons that the trial court properly granted his motion for summary judgment.  Taken as true, this stipulation may have been enough to sustain the trial court's ruling. 

On the other hand, plaintiff, in paragraph 15 of his  affidavit in opposition to defendant's motion for summary judgment, asserted that the Tizes and the Tizes' attorney told him that he was sued because he was named as a plaintiff in the chancery case.  Although defendant filed a motion to strike this statement and the trial court never ruled on its admissibility, this statement cannot be considered because it constitutes hearsay.  Supreme Court Rule 191(a) (145 Ill. 2d R. 191(a)) provides that an affidavit in support of and in opposition to a motion for summary judgment  shall not consist of conclusions but of facts admissible in evidence.  Plaintiff's statement constitutes hearsay and does not meet the requirement of Rule 191(a). 

Further, during the hearing on defendant's summary judgment motion, plaintiff submitted an additional affidavit from attorney Ouimet, one of the Tizes' attorneys.  Ouimet attested that plaintiff was named as a defendant in the Tizes' federal court action "principally" because he was named as a plaintiff in the chancery action.  While this statement demonstrates that being named in the chancery action was a factor the Tizes' used in deciding to sue plaintiff, Ouimet's use of the word "principally" connotes that the Tizes sued plaintiff for other reasons as well.  After all, plaintiff had opposed the Tizes' zoning plans at various zoning proceedings before the filing of the administrative review proceeding.  Moreover, during oral arguments, plaintiff's counsel even stated that plaintiff's being named as a plaintiff in the chancery action was "principally, not the sole cause" of his being sued by the Tizes.  As such, plaintiff cannot prove that defendant's naming him in the chancery action caused the Tizes to sue him.  Therefore, plaintiff's legal malpractice claim must fail.  

II. Breach of Agency Agreement Claim

Before addressing plaintiff's contention that he sufficiently pled a breach of agency agreement claim, defendant's assertion that plaintiff's breach of agency claim  should be dismissed because the economic loss doctrine bars claims other than those for legal malpractice must be addressed.    

In 
Moorman Manufacturing Co. v. National Tank Co.
, 91 Ill. 

2d 69, 435 N.E.2d 443 (1982), the Illinois Supreme Court decided that a plaintiff could not recover in tort for solely economic loss.  
Moorman
, 91 Ill. 2d at 88, 435 N.E.2d at 448.  The 
Moorman
 court also provided two exceptions to the economic loss doctrine: (1) where defendant commits fraud or intentional misrepresentation and (2) where defendant, who is in the business of supplying information for the guidance of others, makes a negligent misrepresentation.  
Moorman
, 91 Ill. 2d at 88-89, 435 N.E.2d at 452.  
Moorman
 did not involve a legal malpractice claim.      

However, the Illinois Supreme Court, 
in 
Collins v. Reynard
, 154 Ill. 2d 48, 607 N.E.2d 1185 (1992), 
unequivocally stated that a lawyer malpractice claim is an exception to the economic loss doctrine and also to distinctions separating tort from contract. 
Collins v. Reynard
, 154 Ill. 2d at 50, 607 N.E.2d at 1187.  The 
Collins
 court also provided that a complaint against a lawyer for professional malpractice may be couched in either contract or tort and that recovery may be sought in the alternative.  
Collins v. Reynard
, 154 Ill. 2d at 50-51, 607 N.E.2d at 1186.

Therefore, as lawyer malpractice cases are exceptions to the economic loss (or 
Moorman
) doctrine, plaintiff's breach of agency claim is not barred.  

Plaintiff contends that he sufficiently pled a breach of agency claim and, as a result, the trial court erred in granting summary judgment in defendant's favor.  We disagree.  

In the case 
sub judice
, plaintiff's claim for breach of an agency agreement is premised on the same conduct that plaintiff alleged in his legal malpractice claim.  In fact, plaintiff realleges and reincorporates all 41 paragraphs of his legal malpractice claim into his claim for breach of an agency agreement.  The remaining six paragraphs merely reiterate what had already been previously stated.   

Moreover, because plaintiff’s contentions in his claim for breach of an agency agreement are based on the same conduct as his legal malpractice claim, count II is duplicative and should have been pled in the alternative.  See 
Collins v. Reynard
, 154 Ill. 2d at 50-51, 607 N.E.2d at 1186 (complaint against an attorney for professional malpractice can be couched in either contract or tort and recovery may be sought in the alternative).  See also  
Majumdar v. Lurie
, 274 Ill. App. 3d 267, 273-74, 653 N.E.2d 915, 921 (1995) (when the same operative facts support action for legal malpractice and breach of fiduciary duty resulting in the same alleged injury to the client, actions are identical and the latter should be dismissed as duplicative).  

To state a sufficient cause of action for legal malpractice in tort or contract, the plaintiff must plead facts establishing that the breach was the proximate cause of the alleged damages.  (
Majumdar v. Lurie
, 274 Ill. App. 3d 267, 653 N.E.2d 915).     For the foregoing reasons, plaintiff cannot establish causation and his claim for breach of an agency agreement, like his legal malpractice claim, must fail.  

Accordingly, the decision of the circuit court is affirmed.  Affirmed.

GORDON AND McBRIDE, JJ., concur.