No. 2--07--1215     Filed:  12-29-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MARGARET R. NETTLETON, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 04--L--1284 |
| | ) | |
| WILLIAM J. STOGSDILL, JR., and THE | ) | |
| LAW OFFICES OF WILLIAM J. | ) | |
| STOGSDILL, JR., | ) | Honorable |
| | ) | Hollis L. Webster, |
| Defendants-Appellees. | ) | Judge, Presiding. |

PRESIDING JUSTICE ZENOFF delivered the opinion of the court:

Plaintiff, Margaret R. Nettleton, filed a complaint against defendants, William J. Stogsdill, Jr. (Stogsdill), and The Law Offices of William J. Stogsdill, Jr. (firm), alleging that they committed malpractice during their representation of her in her dissolution proceeding. Plaintiff appeals the trial court's order granting defendants summary judgment on plaintiff's complaint and the trial court's order dismissing plaintiff's counterclaim. For the following reasons, we affirm in part, reverse in part, and remand for further proceedings.

BACKGROUND

On December 2, 2004, plaintiff filed a complaint against defendants, alleging that they committed malpractice during their representation of her in her dissolution proceeding. Plaintiff's

complaint was based on the following facts taken from the record on appeal. She retained Stogsdill to represent her in connection with the dissolution petition she filed on July 10, 2001 (first dissolution petition), against her then-husband Mark Terrell. Terrell filed a counterpetition for dissolution, and the trial on plaintiff's and Terrell's petitions was set for December 4, 2002.

On December 3, 2002, Brian Nigohosian, an associate at the firm, appeared before the trial court and requested a continuance because Stogsdill was engaged in another trial and unable to prepare or be available to go to trial on plaintiff's dissolution. The trial court denied the motion for a continuance. The following day, Stogsdill appeared in court on behalf of plaintiff and asked the trial court to reconsider its ruling on the motion for a continuance. Stogsdill informed the trial court that he was unavailable and unprepared to go to trial. The trial court allowed a short continuance, ordering that the trial would begin that Friday, December 6, 2002.

On December 6, 2002, Stogsdill appeared in court and moved the trial court to voluntarily nonsuit the first dissolution petition. The trial court denied Stogsdill's motion because he had failed to provide proper notice to the parties. Stogsdill then called plaintiff to the stand, where he asked her to state and spell her name, after which he dismissed her as a witness and rested plaintiff's case in chief. The trial court entered a directed finding on the first dissolution petition, finding that plaintiff had failed to prove grounds for a dissolution, and entered an order dismissing the first dissolution petition. Terrell then had his counterpetition dismissed for want of prosecution.

One week later, on December 13, 2002, plaintiff, still represented by Stogsdill, refiled her dissolution case (second dissolution petition).[1] Stogsdill continued to represent plaintiff until

_____

[1]On appeal, plaintiff states that the second dissolution petition was filed sometime in January 2003. Defendants' brief states that the second dissolution petition was filed on December 13, 2002,

February 2003. After the termination of Stogsdill's representation of plaintiff and until the parties finally settled in 2005, plaintiff was represented by four other firms. During the pendency of the second dissolution petition, Terrell filed an interlocutory appeal from one of the trial court's decisions, which was affirmed by the appellate court, and also filed a separate petition for dissolution in Will County, which was dismissed.

In her complaint against defendants, plaintiff alleged that defendants committed legal malpractice when Stogsdill (1) was unprepared to go to trial on her first dissolution petition because he was engaged in another trial; (2) without her consent, moved to voluntarily nonsuit the first dissolution petition; and (3) without her consent, put plaintiff on the stand, asked only her name and its spelling, and then rested her case in chief, resulting in a directed finding on her first dissolution petition. According to plaintiff, as a result of Stogsdill's negligence, she remained married to Terrell, she had to file a second dissolution petition, Terrell filed a petition for dissolution in Will County, she had to defend an interlocutory appeal filed by Terrell, and her employment prospects were impaired due to the protracted divorce litigation. Plaintiff further alleged that she incurred the following damages due to Stogsdill's negligence: the loss of the use and enjoyment of property and assets that remained part of the marital estate during the divorce litigation, attorney fees paid to defendants in connection with Stogsdill's representation of her, attorney fees and court costs expended during the subsequent divorce litigation, and the "monetary and non-monetary damages" incurred during the course of her employment.

which is also the date to which plaintiff testified during her deposition as the date that the second dissolution petition was filed.

-3-

On April 13, 2007, defendants filed a motion for summary judgment, arguing that defendants did not breach the duty of care owed to plaintiff, plaintiff presented no evidence that defendants were the proximate cause of plaintiff's damages, and plaintiff lacked evidence to establish that she suffered any "actual damages." Following a hearing on the matter, the trial court granted defendants' motion for summary judgment, finding that plaintiff failed to present evidence that she suffered actual damages that were proximately caused by defendants' alleged negligence.

Following the trial court's ruling on defendants' motion for summary judgment, defendants' counterclaim, which was a fee petition originally filed in the underlying dissolution case and consolidated with plaintiff's malpractice case, remained pending. With leave of court, plaintiff filed a two-count counterclaim to defendants' counterclaim, alleging breach of fiduciary duty and breach of contract. Defendants filed a motion to dismiss plaintiff's counterclaim pursuant to section 2--619 of the Code of Civil Procedure (Code) (735 ILCS 5/2--619 (West 2006)), alleging that the claims in plaintiff's counterclaim were duplicative of the claim alleged in plaintiff's original complaint. The trial court agreed and granted defendants' motion to dismiss plaintiff's counterclaim.

On October 17, 2007, plaintiff filed a motion to reconsider. The following day, defendants filed a motion to voluntarily dismiss their counterclaim, which the trial court granted the same day. On November 5, 2007, the trial court denied plaintiff's motion to reconsider, and plaintiff filed a timely notice of appeal on November 27, 2007.

ANALYSIS

On appeal, plaintiff argues that the trial court erred in two respects: (1) the trial court erred in granting defendants' motion for summary judgment on plaintiff's complaint, and (2) the trial court

erred in granting defendants' motion to dismiss plaintiff's counterclaim. We will address each contention in turn.

## A. Motion for Summary Judgment

Plaintiff first argues that the trial court erred in granting defendants' motion for summary judgment on her complaint. According to plaintiff, the trial court's grant of summary judgment was erroneous because the trial court misapplied the law regarding actual damages and the issue of proximate cause was an issue of fact inappropriate for resolution on summary judgment. Defendants disagree with both of plaintiff's contentions and further allege that, even if the trial court erred with respect to its findings on actual damages and proximate cause, we should nonetheless affirm the grant of summary judgment on the basis that defendants did not breach their duty to plaintiff.

Summary judgment is appropriate when the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Forsythe v. Clark USA, Inc., 224 Ill. 2d 274, 280 (2007). The purpose of summary judgment is not to try an issue of fact, but to determine if one exists. Forsythe, 224 Ill. 2d at 280. In reviewing a grant of summary judgment, the appellate court will construe the record strictly against the movant and liberally in favor of the nonmoving party. Forsythe, 224 Ill. 2d at 280. Summary judgment should not be allowed unless the moving party's right to judgment is clear and free from doubt. Forsythe, 224 Ill. 2d at 280. If the undisputed facts could lead reasonable observers to divergent inferences, or if there is a dispute as to a material fact, summary judgment should be denied. Forsythe, 224 Ill. 2d at 280. We review a grant of summary judgment de novo. Forsythe, 224 Ill. 2d at 280.

To succeed in a claim for legal malpractice, a plaintiff must plead and prove the following elements: (1) the defendant attorney owed the client a duty of due care arising from the attorney-client relationship, (2) the defendant breached that duty, (3) as a proximate result, the client suffered injury. Tri-G, Inc. v. Burke, Bosselman & Weaver, 222 Ill. 2d 218, 225-26 (2006). The existence of actual damages is essential to a cause of action for legal malpractice. Tri-G, 222 Ill. 2d at 226. Actual damages in a legal malpractice case are not presumed; a plaintiff must plead and prove that she has suffered injuries resulting from the defendant attorney's alleged malpractice. Sterling Radio Stations, Inc. v. Weinstine, 328 Ill. App. 3d 58, 63 (2002). Even if negligence on the part of the defendant attorney is proven, a plaintiff cannot recover for legal malpractice unless she also proves that the attorney's negligence proximately caused her damages. Tri-G, 222 Ill. 2d at 226.

1. Actual Damages

The trial court found that plaintiff failed to present any evidence of actual damages because she failed to present any evidence that she would have received a larger award in the dissolution proceeding had defendants not been negligent. The trial court further found that the damages plaintiff alleged she suffered did not constitute actual damages. Plaintiff argues that such a finding was erroneous with respect to her claim for attorney fees because such fees were a direct result of defendants' alleged negligence and are not precluded by existing case law.[2] We agree with plaintiff.

---

[2]We note that plaintiff argues on appeal only that the trial court erred in finding that attorney fees did not constitute actual damages. She does not argue that the trial court erred in granting summary judgment with respect to the other damages alleged by plaintiff--the loss of the use and enjoyment of property and assets that remained part of the marital estate and the damages incurred in the course of her employment. Accordingly, we focus exclusively on whether attorney fees may

A successful legal malpractice claim places the plaintiff in the same position that she would have occupied but for the attorney's negligence. Bloome v. Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C., 279 Ill. App. 3d 469, 478 (1996); Sterling Radio Stations, 328 Ill. App. 3d at 64. "The general rule of damages in a tort action is that 'the wrongdoer is liable for all injuries resulting directly from the wrongful acts ***, provided the particular damages are the legal and natural consequences of the wrongful act imputed to the defendant, and are such as might reasonably have been anticipated.' " Haudrich v. Howmedica, Inc., 169 Ill. 2d 525, 543 (1996), quoting Siemieniec v. Lutheran General Hospital, 117 Ill. 2d 230, 259 (1987). A plaintiff in a legal malpractice case may recover attorney fees when the fees constitute an ordinary loss resulting from the attorney's negligence. Sterling Radio Stations, 328 Ill. App. 3d at 63; Lucey v. Law Offices of Pretzel & Stouffer, Chartered, 301 Ill. App. 3d 349, 355 (1998); Goran v. Glieberman, 276 Ill. App. 3d 590, 595 (1995); Sorenson v. Fio Rito, 90 Ill. App. 3d 368, 374 (1980).

In Sorenson, the defendant attorney failed to timely file certain inheritance and estate tax forms for the plaintiff. Sorenson, 90 Ill. App. 3d at 368-69. As a result of the late filing of the forms, the plaintiff was required to pay penalties and interest. Sorenson, 90 Ill. App. 3d at 370. In addition, the plaintiff spent $1,500 in an unsuccessful attempt to obtain refunds of the penalties and interest. Sorenson, 90 Ill. App. 3d at 370. The trial court awarded the plaintiff damages for the penalties, interest, and attorney fees. Sorenson, 90 Ill. App. 3d at 368-69. The defendant argued on appeal that the plaintiff should not have been allowed to recover the attorney fees. Sorenson, 90 Ill. App. 3d at 371. The appellate court disagreed, holding that the fees fell within "the general rule of requiring a wrongdoer to bear the consequences of his misconduct" (Sorenson, 90 Ill. App. 3d at

---

constitute actual damages in the context of a legal malpractice claim.

372) and "constitute[d] nothing more than ordinary losses resulting from the defendant's conduct" (Sorenson, 90 Ill. App. 3d at 374).

Similarly, in Sterling Radio Stations, the plaintiff filed a legal malpractice claim against the defendants, alleging that, as a result of the defendants' malpractice, a judgment had been entered against him in the underlying breach of contract case. Sterling Radio Stations, 328 Ill. App. 3d at 61. The trial court granted the defendants summary judgment on the plaintiff's complaint, finding that the plaintiff had suffered no damages as a matter of law, and the plaintiff appealed. Sterling Radio Stations, 328 Ill. App. 3d at 60. The plaintiff argued on appeal that he had suffered damages in the form of the $100,000 he had expended in attorney fees to prosecute an (unsuccessful) appeal from the judgment in the underlying case. Sterling Radio Stations, 328 Ill. App. 3d at 62. Citing Sorenson, the appellate court reversed the trial court, holding that the attorney fees incurred by the plaintiff should be considered damages because the plaintiff incurred the fees in an attempt to "undo" the damage done by the defendants' alleged negligence. Sterling Radio Stations, 328 Ill. App. 3d at 63.

We can see no reason, and defendants do not offer one, why the analysis of Sorenson and Sterling Radio Stations does not apply in the present case. Like in Sorenson and Sterling Radio Stations, the attorney fees plaintiff expended in the present case were paid in an attempt to remedy the alleged negligence of defendants. As a result of defendants' alleged malpractice, a directed finding was entered on plaintiff's first dissolution petition. Thus, to remedy defendants' negligence and to obtain a divorce, plaintiff was required to incur attorney fees to file and prosecute the second dissolution petition.

Defendants argue that plaintiff may not, as a matter of law, recover any damages other than the difference between the amount she actually received in the divorce and the amount she would have received in the divorce had defendants not committed malpractice. In support of this proposition, defendant relies primarily upon Weisman v. Schiller, Ducanto & Fleck, Ltd., 368 Ill. App. 3d 41 (2006). In that case, the plaintiff alleged that the defendants had committed legal malpractice when they, in the course of representing the plaintiff in her dissolution case, failed to conduct adequate discovery on the value of the marital estate and to present expert witnesses. Weisman, 368 Ill. App. 3d at 44. Following trial, the jury found in favor of the defendants. Weisman, 368 Ill. App. 3d at 50. On appeal, the plaintiff argued that the jury's verdict was against the manifest weight of the evidence. Weisman, 368 Ill. App. 3d at 51. The appellate court disagreed, holding that the plaintiff failed to establish that she suffered actual damages because she did not present any evidence that, had defendants not been negligent, she would have received more than the approximately $3.1 million for which she settled the underlying dissolution case. Weisman, 368 Ill. App. 3d at 52. In so holding, the appellate court stated, "[t]o prove her legal malpractice claim, plaintiff had to establish that she would have received a larger share of the marital estate as a result of the divorce proceedings but for [the defendants'] malpractice." Weisman, 368 Ill. App. 3d at 52.

Unlike in the present case, the Weisman court was not presented with the question of whether a legal malpractice plaintiff may recover attorney fees when those attorney fees are incurred as a direct result of the defendant attorney's alleged malpractice. Although the Weisman opinion cited by defendants does not make clear what the plaintiff alleged as her injury, the appellate court's opinion in a previous appeal in the Weisman case specifically stated that, in her complaint, the

plaintiff alleged that had the defendants not been negligent she would have recovered a larger portion of the marital estate than she actually received. Weisman v. Schiller, Ducanto & Fleck, 314 Ill. App. 3d 577, 578 (2000). Likewise, none of the other cases cited by defendants addressed the issue of whether attorney fees may be considered actual damages in a legal malpractice case; rather, all of the cases involved allegations that the defendants' malpractice caused the plaintiffs either to lose their causes of action or to receive smaller awards than they would have otherwise. See, e.g., Tri-G, 222 Ill. 2d at 240 (plaintiff alleged that, but for defendant's malpractice in failing to prosecute plaintiff's complaint, it would have recovered damages in the underlying case); Eastman v. Messner, 188 Ill. 2d 404, 406 (1999) (plaintiff alleged that defendant failed to file the underlying personal injury claim within the applicable limitations period); Fox v. Berks, 334 Ill. App. 3d 815, 816 (2002) (plaintiff alleged that, but for defendants' negligent representation of her during her divorce case, she would have received a larger portion of the marital estate); Ignarski v. Norbut, 271 Ill. App. 3d 522, 523-24 (1995) (plaintiff alleged that, as a result of defendant's negligence in failing to name the proper party within the applicable limitations period, plaintiff's cause of action was dismissed).

The allegations by the plaintiffs in the cases cited by defendants are important not only to demonstrate the issues the courts in those cases were asked to address, but also to demonstrate why those courts applied the law upon which defendants rely--that to demonstrate actual damages a legal malpractice plaintiff must show that, but for the defendant's malpractice, the plaintiff would have recovered a larger award in the underlying case than she otherwise did. A successful legal malpractice claim places the plaintiff in the same position that she would have occupied but for the attorney's negligence. Sterling Radio Stations, 328 Ill. App. 3d at 64; Bloome, 279 Ill. App. 3d at 478. Where a legal malpractice plaintiff alleges that the defendant's malpractice caused her to lose

her cause of action or to receive a smaller award than she would have otherwise received, an award of damages equal to the amount she did not receive as a result of the defendant's malpractice is necessary to place the plaintiff in the same position that she would have occupied had the defendant not been negligent. If the award the plaintiff actually received is the same as or greater than the award she would have received if the defendant had not been negligent, then the plaintiff cannot be said to have been injured in the manner she alleged and she is not entitled to any damages. Thus, where a legal malpractice plaintiff alleges that the defendant's malpractice caused her to lose her cause of action or to receive a smaller award than she would have otherwise received, courts require the plaintiff to demonstrate that but for the defendant's negligence she would have received a larger award than she otherwise did. See, e.g., Weisman, 368 Ill. App. 3d at 52.

In contrast, where a legal malpractice plaintiff alleges that the defendant's malpractice caused her to incur attorney fees, an award of damages equal to the amount of attorney fees she would not have had to spend but for the defendant's negligence is necessary to put the plaintiff in the same position she would have occupied had the defendant not been negligent. See Sorenson, 90 Ill. App. 3d at 374 (allowing a legal malpractice plaintiff to recover attorney fees incurred as a result of the defendant's malpractice complies with "the general rule of requiring a wrongdoer to bear the consequences of his misconduct"). Relating the plaintiff's damages in such a case to the amount she received as an award in the underlying case is illogical, as it compensates the plaintiff for an injury she did not allege she suffered, while also failing to compensate her for the injury she did actually incur. We do believe, however, that just as a plaintiff who alleges a loss of her cause of action or a larger award must show that she would have received a larger award but for the defendant's negligence (Weisman, 368 Ill. App. 3d at 52), a plaintiff alleging incurment of attorney fees as a

result of the defendant's negligence must demonstrate that she would not have incurred the claimed fees in the absence of the defendant's negligence. Such a rule is necessary because, to allow a plaintiff to recover attorney fees she would have incurred even in the absence of the defendant's negligence would place the plaintiff in a position better than that she would have occupied had the defendant not been negligent.

In sum, following Sorenson and Sterling Radio Stations, we hold that a legal malpractice plaintiff may recover as actual damages the attorney fees incurred as a result of the defendant's malpractice, so long as the plaintiff can demonstrate she would not have incurred the fees in the absence of the defendant's negligence. Thus, the trial court's decision that the attorney fees plaintiff alleged could not constitute actual damages in a legal malpractice case was erroneous, as was its decision that plaintiff was required to present evidence that but for defendants' alleged malpractice, she would have received a larger share of the marital estate.

## 2. Proximate Cause

The trial court also granted defendants' motion for summary judgment on the basis that plaintiff could not establish that her injuries were proximately caused by defendants' alleged malpractice. In so holding, the trial court stated, "I simply don't find any case law in the State of Illinois that would support the claim that you can proximately relate the dismissal of a divorce action that is subsequently refiled shortly thereafter with five years or however many years of subsequent litigation and attorney changing and negotiations and ultimate settlement." Plaintiff argues that the trial court's decision was erroneous because the issue of proximate cause was a question of fact that should not have been decided on summary judgment.

" 'The issue of proximate causation in a legal malpractice setting is generally considered a factual issue to be decided by the trier of fact.' " Governmental Interinsurance Exchange v. Judge, 221 Ill. 2d 195, 210 (2006), quoting Renshaw v. Black, 299 Ill. App. 3d 412, 417-18 (1998). Such a determination is to be made by the trier of fact after consideration of all of the evidence and attending circumstances. Judge, 221 Ill. 2d at 210; Public Taxi Service, Inc. v. Barrett, 44 Ill. App. 3d 452, 456 (1976). The issue of proximate causation should never be decided as a matter of law where reasonable persons could reach different results. Judge, 221 Ill. 2d at 210; see also Public Taxi, 44 Ill. App. 3d at 456 (proximate cause should be determined as a matter of law only where (1) the facts are undisputed and (2) there can be no difference in the judgment of reasonable persons as to the inferences that may be drawn from the facts).

In the present case, the record reveals that reasonable persons could reach different conclusions as to whether defendants' alleged malpractice proximately caused plaintiff's injuries. In their answer to plaintiff's complaint, defendants admitted that as a result of plaintiff's failure to prove grounds for a divorce on December 6, 2002, the trial court entered a directed finding against plaintiff on her first dissolution petition. Defendants also admitted that on December 6, 2002, the only evidence Stogsdill presented on plaintiff's first dissolution petition was plaintiff's testimony as to her name. All but one of the people whose depositions were submitted by defendants in support of their motion for summary judgment testified that the dismissal of plaintiff's first dissolution petition rendered the filing of a second petition for dissolution necessary if plaintiff wished to obtain a divorce. Joseph M. Beck, one of the attorneys who represented plaintiff on her second dissolution petition, testified that, due to the dismissal of her first dissolution petition, plaintiff, in pursuing a

second dissolution petition, had to relitigate all of the issues that had been previously litigated in the first dissolution proceeding.

From this, we believe that a reasonable person could conclude that defendants were the proximate cause of at least some of plaintiff's attorney fees. We acknowledge, as the trial court did, that "divorces continue for all kinds of reasons" and that many factors, such as "decisions that [plaintiff] made regarding counsel, regarding what to accept, what not to accept, how much maintenance that she wanted and her feelings," may have contributed to the lengthy duration of the second dissolution proceeding and, thus, perhaps not all of plaintiff's attorney fees were proximately caused by defendants' alleged malpractice. We hold, however, that how much of plaintiff's attorney fees was attributable to defendants' alleged malpractice versus how much was attributable to other factors presented a genuine issue of material fact warranting a denial of the motion for summary judgment. See Forsythe, 224 Ill. 2d at 280 (where the undisputed facts could lead reasonable observers to divergent inferences, or where there is a dispute as to a material fact, summary judgment should be denied).

Defendants argue that the trial court correctly determined that defendants' alleged malpractice was not proximately related to plaintiff's claimed injuries, because defendants did not cause plaintiff to lose her dissolution cause of action. According to defendants, a legal malpractice plaintiff must demonstrate that, as a result of the defendant's negligence, the plaintiff lost his cause of action, and, if the plaintiff's cause of action remained viable at the time the defendant was discharged, the plaintiff cannot prove any set of facts that would demonstrate that the defendant's conduct caused the plaintiff's injury.

Like defendants' argument on the issue of actual damages, this argument must fail because the law upon which defendants rely does not apply except where a plaintiff alleges that but for the defendant's malpractice the plaintiff would not have irretrievably lost the cause of action. That exception is present in each of the cases defendants cite in support of their argument. Cedeno v. Gumbiner, 347 Ill. App. 3d 169, 170 (2004) (plaintiff alleged that, as a result of defendants' negligence in serving an inadequate notice of claim on the personal injury defendant, the trial court granted summary judgment against her in her personal injury case); Mitchell v. Schain, Fursel & Burney, Ltd., 332 Ill. App. 3d 618, 619 (2002) (plaintiff alleged that, but for defendants' malpractice, he would not have been foreclosed from pursuing his cause of action and obtaining a judgment); Ignarski, 271 Ill. App. 3d at 523-24 (plaintiff alleged that, as a result of defendant's negligence in failing to name the proper party within the statute of limitations, plaintiff's cause of action was lost).

None of the cases cited by defendants involves a plaintiff who alleges that, as a result of the defendant's negligence, the plaintiff incurred attorney fees in an attempt to rectify the damage caused by the defendant's negligence. Where a plaintiff alleges that the defendant's malpractice caused her to incur attorney fees to rectify the defendant's malpractice, the plaintiff need not demonstrate that her cause of action was lost to establish the existence of her injury, because she has not alleged that she was injured by the loss of her cause of action. Rather, to establish her injury, the plaintiff must establish that she incurred additional attorney fees. If she is unable to do so, then she is also unable to establish that the defendant's malpractice caused her to incur additional attorney fees, because she has not established that she actually did incur additional attorney fees.

In contrast, where a cause of action remains viable despite the defendant's malpractice and after the defendant's discharge, it cannot be said that the plaintiff lost the cause of action due to the

defendant's negligence, because the cause of action still existed at the time of the defendant's discharge.[3] Thus, where a plaintiff alleges that the defendant's malpractice caused the loss of the cause of action, it is necessary for the plaintiff to demonstrate that the cause of action was actually lost and did not remain viable at the time of the defendant's discharge. If the plaintiff is unable to do so, then the plaintiff is, as a matter of law, unable to establish that the defendant caused the alleged injury, because the injury itself--the loss of the cause of action--has not been established.

3. Breach of Duty

Defendants argue that, even if we find that the trial court erred in basing its grant of summary judgment on a lack of actual damages and proximate cause, we should nonetheless affirm the trial court's decision because plaintiff did not present any evidence that defendants breached their duty to plaintiff. According to defendants, defendants' actions were part of the strategy employed in the underlying case and thus are unreviewable, plaintiff did not disclose any expert witnesses who would testify as to the standard of care, and no evidence was presented contradicting the testimony of defendants' deposition witnesses who testified that defendants did not breach the standard of care. The trial court found that there was a genuine issue of material fact with respect to defendants' alleged breach of duty, and we agree.

---

[3]The cause of action must be nonviable at the time of the defendant's discharge, because, if it remained viable at the time of the defendant's discharge and another attorney was retained, the subsequent attorney's failure to rectify the defendant's negligence acts as a superseding cause of the loss of the action. Mitchell, 332 Ill. App. 3d at 321-22; Land v. Greenwood, 133 Ill. App. 3d 537, 540 (1985) (where plaintiff's cause of action remained viable at the time defendant attorney was discharged, "successor counsel had the duty to preserve his client's cause of action").

According to defendants, the decision to have plaintiff's first dissolution petition dismissed was a strategic decision made in an attempt to shift the burden of proof to Terrell. Citing Person v. Benke, 242 Ill. App. 3d 933 (1993), defendants claim that, because the decision was strategic, a court may not review it. In Person, the plaintiff sued the defendant attorney for legal malpractice, alleging that, as a result of the defendant's malpractice in the underlying dissolution proceeding, the plaintiff lost custody of and visitation with his children. Person, 242 Ill. App. 3d at 934. The trial court dismissed the plaintiff's complaint, holding in part that the plaintiff could not recover damages for losing custody of and visitation with his children. Person, 242 Ill. App. 3d at 935. In holding that the plaintiff could recover for losing custody of and visitation with his children, the Fourth District adopted the ineffective-assistance-of-counsel standard articulated in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Person, 242 Ill. App. 3d at 940. In doing so, the Fourth District noted that, under the Strickland standard, "a reviewing court will not review counsel's conduct which involves an exercise of judgment, discretion, strategy, or trial tactics." Person, 242 Ill. App. 3d at 940. The Fourth District specifically limited the application of its decision to cases involving the question of "whether an attorney's alleged malpractice in representation of that attorney's client in a divorce proceeding can serve as the basis for the client's subsequent claim that he lost custody or visitation of his child as a direct result of the attorney's alleged malpractice." Person, 242 Ill. App. 3d at 940.

In the present case, plaintiff did not allege that defendants caused her to lose custody of or visitation with her children.[4] Accordingly, the standard adopted in Person is inapplicable to the present case. Defendants do not cite, and we cannot locate, any other legal malpractice case that

---

[4]Plaintiff testified at her deposition that she does not have any children.

prohibits courts from reviewing for malpractice a defendant attorney's claimed strategic decisions. Thus, defendants' contention that the trial court's grant of summary judgment was correct because the dismissal of plaintiff's first dissolution petition was strategic is without merit.

Defendants next argue that, because plaintiff did not disclose a witness under Supreme Court Rule 213(f)(3) (210 Ill. 2d R. 213(f)(3)) who would testify as to the standard of care, she could not have proved that defendants breached the standard of care. Rule 213(f)(3) delineates the information a party must furnish during discovery about any controlled expert witnesses whom the party plans to call at trial. 210 Ill. 2d R. 213(f)(3). Generally, a plaintiff must establish through expert testimony the standard of care against which the defendant attorney's conduct must be measured, and the failure to present such expert testimony is typically fatal to the plaintiff's cause of action. Barth v. Reagan, 139 Ill. 2d 399, 407 (1990). Where, however, "the common knowledge or experience of lay persons is extensive enough to recognize or infer negligence from the facts, or where an attorney's negligence is so grossly apparent that a lay person would have no difficulty in appraising it, expert testimony as to the applicable standard of care is not required." Barth, 139 Ill. 2d at 407-08. Likewise, where the defendant attorney admits the standard of care in a legal malpractice case, such admissions may suffice to establish the standard of care and the plaintiff need not provide separate expert testimony. Los Amigos Supermarket, Inc. v. Metropolitan Bank & Trust Co., 306 Ill. App. 3d 115, 131 (1999).

Although the record reveals that plaintiff did not disclose any controlled expert witnesses prior to the summary judgment motion, we hold that such a failure did not warrant a grant of summary judgment in favor of defendants on the issue of whether defendants breached their duty to plaintiff. Plaintiff alleged that defendants breached their duty when Stogsdill was unprepared to go to trial on her first dissolution petition and, as a result, had her first dissolution petition dismissed

without her consent. If plaintiff is able to prove at trial that Stogsdill was unprepared and acted without her consent in obtaining a dismissal of her first dissolution petition (as we will discuss, a genuine issue of material fact exists as to whether plaintiff consented), we believe that such actions would constitute negligence both well within the common knowledge of lay persons and so grossly apparent that a lay person would have no difficulty in appraising it. Few, if any, duties are as basic in an attorney-client relationship as the duty of an attorney to prosecute the client's cause of action. See 134 Ill. 2d R. 1.2(a) ("A lawyer shall abide by a client's decisions concerning the objectives of representation *** and shall consult with the client as to the means by which they are to be pursued"); 134 Ill. 2d R. 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client"). Without the client's consent, the intentional dismissal of a cause of action because the attorney is unprepared is an obvious breach of that duty. See 134 Ill. 2d R. 1.2(a); 134 Ill. 2d R. 1.4(b) ("A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation"). Accordingly, we do not believe that plaintiff's failure to disclose an expert witness under Rule 213(f)(3) warranted summary judgment in favor of defendants.

Moreover, we note that, in answering plaintiff's complaint, defendants admitted the following allegations: that they "undertook a duty to render legal services to [plaintiff] in accordance with the customs and practice of the profession in the DuPage County legal community" and that they "specifically owed and undertook a duty to represent [plaintiff's] interests in the [f]irst [d]ivorce [p]etition, which included, but was not limited to, preparing and being available to conduct the trial in the [f]irst [d]ivorce [p]etition." By making such admissions, we believe that defendants established the standard of care against which their conduct is to be measured. See Los Amigos

Supermarket, 306 Ill. App. 3d at 131 (where the defendant attorney admitted that he owed a duty to exercise a reasonable degree of care and skill in his representation of his client and that he was bound by the Rules of Professional Conduct, the defendant's admissions sufficiently established the standard of care).

Finally, defendants argue that plaintiff did not present any evidence contradicting the testimony of defendants' deposition witnesses who testified that defendants did not breach the standard of care. In support of their motion for summary judgment, defendants presented the deposition testimony of Stogsdill, Nigohosian, William Scott (one of plaintiff's subsequent attorneys in her dissolution case), Laura Urbik Kern (another of plaintiff's subsequent attorneys), Lyle Haskin (another of plaintiff's subsequent attorneys), and Timothy Daw (Terrell's attorney in the dissolution case). Stogsdill and Nigohosian testified that Stogsdill's actions that resulted in the dismissal of plaintiff's first dissolution petition did not constitute a breach of duty by defendants. Scott, Kern, and Haskin testified that, in reviewing plaintiff's dissolution file while representing plaintiff in her dissolution case, they did not see anything that rose to the level of a breach of duty on the part of defendants. Daw testified that he had no opinion as to whether defendants had committed malpractice in their representation of plaintiff.

While we agree that nothing in the record directly contradicts the deposition testimony of Scott, Kern, and Haskin that they did not see anything in the dissolution file indicating that defendants had breached their duty to plaintiff, we do not believe that such testimony definitively answers the question of whether defendants breached their duty. Rather, such testimony establishes only that evidence of the alleged breach did not appear in the file reviewed by Scott, Kern, and Haskin.

Plaintiff alleged that defendants breached their duty to her in that Stogsdill was unprepared for trial and that his actions, to which she did not consent, resulted in a directed finding on her first dissolution petition. Although Stogsdill and Nigohosian testified that plaintiff agreed to have her first dissolution petition dismissed in order to shift the burden of proof to Terrell, plaintiff testified that she gave no such consent. Whether defendants breached their duty to plaintiff as she alleged depends partly upon whether plaintiff consented to Stogsdill's actions in having her first dissolution petition dismissed. As there is a dispute as to whether plaintiff consented, the trial court was correct in finding that there was a genuine issue of material fact as to whether defendants breached their duty to plaintiff. Forsythe, 224 Ill. 2d at 280 (where there is a dispute as to a material fact, summary judgment should be denied).

### B. Motion to Dismiss

Plaintiff next argues that the trial court erred in dismissing her counterclaim. A motion to dismiss based upon section 2--619 of the Code raises issues of law and is thus reviewed de novo. Robinson v. Toyota Motor Credit Corp., 201 Ill. 2d 403, 411 (2002). In reviewing a motion to dismiss, the appellate court must first determine if a genuine issue of material fact exists, thereby precluding dismissal of the case. Guzman v. C.R. Epperson Construction, Inc., 196 Ill. 2d 391, 397 (2001). If no genuine issue of material fact exists, the reviewing court must determine whether dismissal was proper as a matter of law. Guzman, 196 Ill. 2d at 397. A motion to dismiss brought under section 2--619 concedes the truth of all well-pleaded allegations contained in the complaint. Provenzale v. Forister, 318 Ill. App. 3d 869, 879 (2001).

In dismissing plaintiff's counterclaim, the trial court found that there was "no precedent for making such a claim of breach of fiduciary duty or breach of contract on the same or similar

operative facts of a legal malpractice case."  We address plaintiff's breach of fiduciary duty and breach of contract claims in turn.

Despite the fact that actions for legal malpractice and breach of fiduciary duty are conceptually distinct, "when *** the same operative facts support actions for legal malpractice and breach of fiduciary [duty] resulting in the same injury to the client, the actions are identical and the later should be dismissed as duplicative." Majumdar v. Lurie, 274 Ill. App. 3d 267, 273-74 (1995); see also Neade v. Portes, 193 Ill. 2d 433, 445 (2000) ("While pleading in the alternative is generally permitted (see, e.g., Collins v. Reynard, 154 Ill. 2d 48, 50 (1992)), duplicate claims are not permitted in the same complaint").

Here, plaintiff's claims for legal malpractice and breach of fiduciary duty were based on the same operative facts and alleged the same injury.  In her claim for legal malpractice, plaintiff alleged that defendants committed legal malpractice when Stogsdill (1) was unprepared to go to trial on her first dissolution petition because he was engaged in another trial; (2) without her consent, moved to voluntarily nonsuit the first dissolution petition; and (3) without her consent, put plaintiff on the stand, asked only her name and its spelling, and then rested plaintiff's case in chief, resulting in a directed finding on her first dissolution petition.  Plaintiff alleged the same acts and omissions in her claim for breach of fiduciary duty, with the exception that plaintiff also alleged that Stogsdill placed his own interests ahead of plaintiff's by scheduling, or allowing to be scheduled, a trial that conflicted with the trial on plaintiff's first dissolution petition.  In both her claim for legal malpractice and her claim for breach of fiduciary duty, plaintiff alleged that "[b]ut for Stogsdill's acts and omissions the trial would have commenced as scheduled and [plaintiff] would have been represented by competently prepared counsel who would have obtained a dissolution of marriage and a court order

disposing of marital assets."  In addition, in both claims plaintiff sought compensation for the attorney fees she paid defendants and the attorney fees and costs that she expended in pursuing her second dissolution petition.  From this comparison, it is apparent that plaintiff's breach of fiduciary duty claim was simply a restatement of her claim for legal malpractice and, thus, was properly dismissed as duplicative.  See Calhoun v. Rane, 234 Ill. App. 3d 90, 95 (1992) (finding a claim for breach of fiduciary duty to be duplicative of a claim for legal malpractice where the allegations in the claims were "virtually identical").

Plaintiff acknowledges in her brief that "[t]he counterclaim essentially set forth the same facts as [p]laintiff's legal malpractice claim," but points out the additional allegation that Stogsdill put his interest ahead of plaintiff's.  This allegation, however, does not alter our conclusion, as it is not an operative fact.  As the court in Majumdar noted, it is the operative facts and the injury that are examined to determine if the claims are duplicative.  Majumdar, 274 Ill. App. 3d at 273-74; see also Neade, 193 Ill. 2d at 443 (citing Majumdar in emphasizing that the operative facts are the ones examined in determining if a breach of fiduciary duty claim is duplicative of a medical malpractice claim).  The fact that Stogsdill may have put his own interest ahead of plaintiff's was not an operative fact, because it was not the actual act that resulted in the lack of a dissolution judgment on plaintiff's first dissolution petition.  Neade, 193 Ill. 2d at 443 (holding the operative fact in a medical malpractice/breach of fiduciary duty case to be the one that actually caused the decedent's death).

Rather, plaintiff alleged in both claims that she did not obtain a dissolution of marriage and disposition of marital assets on her first dissolution petition because the trial court entered a directed finding on that petition and, thus, could not have entered a dissolution judgment on that petition.  Accordingly, the operative fact in both claims was that Stogsdill, without plaintiff's consent, put her

on the stand, asked only her name and its spelling, and then rested plaintiff's case in chief, which resulted in the directed finding on her first dissolution petition. See Neade, 193 Ill. 2d at 443 (finding that the allegation that the defendant failed to order an angiogram was the operative fact in the plaintiff's claims for medical malpractice and breach of fiduciary duty because the plaintiff alleged that the failure to obtain an angiogram was the cause of the decedent's death).

Because plaintiff's claim for breach of fiduciary duty was based on the same operative facts and alleged the same injury as her claim for legal malpractice, the dismissal of plaintiff's breach of fiduciary duty claim was appropriate. Majumdar, 274 Ill. App. 3d at 273-74.

Turning to plaintiff's breach of contract claim, we note that our supreme court has held that "a complaint against a lawyer for professional malpractice may be couched in either contract or tort and that recovery may be sought in the alternative." Collins, 154 Ill. 2d at 50. Where a plaintiff brings claims for legal malpractice and breach of contract based upon the same alleged conduct on the part of the attorney and the claims are not pleaded in the alternative, dismissal of the breach of contract claim as duplicative is appropriate. Radtke v. Murphy, 312 Ill. App. 3d 657, 665 (2000) (affirming the dismissal of the plaintiff's breach of contract claim where it alleged the same facts as the plaintiff's legal malpractice claim and was not pleaded in the alternative); Majumdar, 274 Ill. App. 3d at 273 (same).

As plaintiff acknowledges in her brief, her claim for breach of contract was based on essentially the same facts as her claim for legal malpractice, with the exception that, in her breach of contract claim, plaintiff also alleged the existence of a written agreement between her and Stogsdill, that Stogsdill held himself out as a reasonably well-qualified divorce and family law attorney, and that she relied to her detriment upon Stogsdill's ability to provide legal services as a

reasonably well-qualified attorney. Despite these additional allegations, plaintiff alleged that defendants breached their contract in the same manner that they committed legal malpractice. More specifically, in her claim for breach of contract, plaintiff alleged that Stogsdill:

"breached his agreement with [plaintiff] by failing to be properly prepared for trial which was to commence on December 4, 2001 [sic], representing to the trial court that he was unprepared for trial, and failing to put on the requisite proofs in [plaintiff's] case in chief which resulted in a directed finding which was adverse to [plaintiff's] interests."

Likewise, in her claim for legal malpractice, plaintiff alleged that Stogsdill told the trial court that he was unprepared; that he failed to put on adequate proofs in her case in chief, resulting in a directed finding on plaintiff's first dissolution petition; and that, but for Stogsdill's actions, she would have been represented by prepared counsel and would have obtained a dissolution. Accordingly, we determine that plaintiff's breach of contract claim was based upon the same alleged conduct on Stogsdill's part as plaintiff's legal malpractice claim. See Majumdar, 274 Ill. App. 3d at 273 (finding that the plaintiffs' breach of contract claim was based upon the same conduct alleged in the plaintiffs' legal malpractice claim where the breach of contract claim incorporated and restated the same facts alleged in the legal malpractice claim, with the exception that the breach of contract claim also alleged that the plaintiffs had performed all aspects of their contract with the defendant).

Although plaintiff's claims for breach of contract and legal malpractice were based upon the same conduct, they should not have been dismissed if they were pleaded in the alternative. See Collins, 154 Ill. 2d at 50 (recovery for legal malpractice and breach of contract may be sought in the alternative); see also Radtke, 312 Ill. App. 3d at 665. Plaintiff argues in her brief that each of her claims--legal malpractice, breach of fiduciary duty, and breach of contract--were "premised upon

alternate theories of recovery." But plaintiff does not point out, and we cannot find, anything in the record that demonstrates that plaintiff actually pleaded, or even intended to plead, her claims for breach of fiduciary duty and breach of contract in the alternative to her legal malpractice claim. Rather, plaintiff brought a single-count complaint for legal malpractice, which she never amended. Following summary judgment in favor of defendants on that claim, plaintiff brought by way of counterclaim the additional claims of breach of fiduciary duty and breach of contract. Nowhere in the counterclaim did plaintiff allege that the claims were brought in the alternative to her failed legal malpractice claim.[5] Moreover, neither before nor after the trial court's grant of summary judgment on her original complaint did plaintiff attempt to file an amended complaint alleging all three of her claims, which further indicates that plaintiff did not intend to plead the three claims in the alternative. Thus, as plaintiff's legal malpractice claim and breach of contract claim were based upon the same alleged conduct and were not pleaded in the alternative, dismissal of the breach of contract claim was proper. See Radtke, 312 Ill. App. 3d at 665; Majumdar, 274 Ill. App. 3d at 273.

Plaintiff cites two cases in support of her argument that her breach of contract claim was not duplicative of her legal malpractice claim: Shaffer v. Respect, Inc., No. 97--C--4482 (N.D. Ill. March 30, 1999), and Reiff v. Much Shelist Freed Denenberg, Ament & Rubenstein, P.C., No. 03--C--1939 (N.D. Ill. October 23, 2003). We first note that Shaffer and Reiff were cases decided by the United States District Court. As such, the cases are not binding upon state courts, but instead are only

---

[5]We also note that in neither her motion for leave to file the counterclaim nor her response to defendants' motion to dismiss the counterclaim did plaintiff allege or argue that the breach of fiduciary duty and breach of contract claims were brought in the alternative to her legal malpractice claim.

persuasive authority. People ex rel. Ryan v. World Church of the Creator, 198 Ill. 2d 115, 127 (2001). That aside, both Shaffer and Reiff are readily distinguishable from the present case. Although the courts in both of those cases held that the plaintiffs' claims for breach of contract were not duplicative of their claims for legal malpractice, in both cases the plaintiffs had specifically pleaded their claims for breach of contract in the alternative to their claims for legal malpractice. As discussed, plaintiff in the present case did not plead her claim for breach of contract in the alternative.

Plaintiff next contends that her claims for breach of fiduciary duty and breach of contract should not have been dismissed, because neither a claim for breach of fiduciary duty nor a claim for breach of contract requires that a plaintiff prove "actual damages" as required in a legal malpractice claim. Thus, according to plaintiff, her inability to establish actual damages under her legal malpractice claim should not have precluded her from pursuing causes of action that do not have the same requirement. Plaintiff's argument misses the mark, however, because her claims for breach of fiduciary duty and breach of contract were not dismissed for failing to allege recoverable damages, but instead were dismissed because they were duplicative of her legal malpractice claim. The relevant inquiry in determining whether claims are duplicative is not whether the claims are composed of the same legal elements, but whether the claims allege the same operative facts and injury (Majumdar, 274 Ill. App. 3d at 273-74 (breach of fiduciary duty)) or whether the claims are based upon the same alleged conduct (Radtke, 312 Ill. App. 3d at 665 (breach of contract)). As discussed, the application of these tests reveals that plaintiff's claims for breach of fiduciary duty and breach of contract were, in fact, duplicative of her claim for legal malpractice.

CONCLUSION

For the foregoing reasons, the judgment of the Du Page County circuit court granting defendants summary judgment on plaintiff's legal malpractice complaint is reversed. The dismissal of plaintiff's counterclaim is affirmed. The cause is remanded for further proceedings.

Affirmed in part and reversed in part; cause remanded.

McLAREN and SCHOSTOK, JJ., concur.