In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3786

C&N CORPORATION, doing business
as DOOR PENINSULA WINERY,

*Plaintiff-Appellee*,

*v.*

GREGORY KANE & ILLINOIS RIVER
WINERY, INC.,

*Defendants-Appellants*.

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 1:12-cv-00257 — **William C. Griesbach**, *Chief Judge.*

ARGUED APRIL 25, 2014 — DECIDED JUNE 24, 2014

Before KANNE and ROVNER, *Circuit Judges*, and DOW,
*District Judge.*[*]

KANNE, *Circuit Judge.* Both parties in this case are Midwestern wineries that produce a spiced apple wine they call
"Hallowine." Door Peninsula Winery sued Illinois River

---

[*] Of the Northern District of Illinois, sitting by designation.

Winery and its owner, Gregory Kane, for trademark infringe-
ment. The district court ruled in Door Peninsula's favor and
ordered Illinois River to pay damages. Illinois River now
appeals, but because it raises only arguments that were not
before the district court, we affirm.

## I. BACKGROUND

Door Peninsula Winery, a Wisconsin company, began
selling and distributing a spiced apple wine called "Hallowine"
in 1998. Sales were brisk, and Door Peninsula expanded
operations into Illinois later that year.

The seasonal spiced apple wine market also beckoned to
Illinois River Winery and its owner, Gregory Kane. Illinois
River[1] began selling its own Hallowine in 2005 and sought to
register the Hallowine mark with the Patent and Trademark
Office ("PTO") in 2006. Door Peninsula initiated opposition
proceedings at the PTO and the Trademark Trial and Appeal
Board ruled in its favor, finding that Door Peninsula had
priority in the Hallowine mark.

Illinois River continued to sell its Hallowine despite the
PTO ruling. Kane considered alternative names for the
seasonal wine, but ultimately decided that consumers would
prefer Hallowine.

Door Peninsula filed suit against Illinois River in March
2012, asserting infringement of its common law trademark
rights and infringement of unregistered marks under § 43(a) of

---

[1] For concision, we will refer to Kane and Illinois River collectively as
"Illinois River."

the Lanham Act. In response, Illinois River asserted 27 affirmative defenses. After some discovery, Door Peninsula moved for partial summary judgment, seeking dismissal of Illinois River's affirmative defenses and a finding that Illinois River was liable for trademark infringement to the tune of $508,864.26 in damages. The district court granted the motion. Door Peninsula then moved to dismiss its remaining claims and for entry of judgment. The district court granted that motion as well.

## II. ANALYSIS

Illinois River now appeals the district court's decision, arguing that it was defective for three reasons: (1) Kane is not liable for damages in his individual capacity (2) damages incurred before March 16, 2012 are barred by the applicable statute of limitations, and (3) "Hallowine" is not a protectable mark.

The first two claims are easily dismissed. Illinois River did not present them to the district court, and they are therefore waived. *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012). A defendant cannot withhold arguments at trial and then fault the district court on appeal for not addressing them.

The third claim is also waived, but the analysis is a little more complex. The district court did find that Door Peninsula "established the validity of the HALLOWINE mark as a protectable mark." Illinois River seizes on this statement, arguing that since the district court decided the mark was protectable, it could not possibly have waived a protectability argument.

Presumably, the court ruled on protectability in response to Door Peninsula's brief, which marshaled both facts and law in support of its argument that "Hallowine" was a protectable mark. We will not find that an argument was adequately preserved solely because a party's opponent defended against the argument, as Door Peninsula did here. *Williams v. Dieball*, 724 F.3d 957, 962 (7th Cir. 2013) ("to find that one party's argument was preserved because his *opponent* defended against it out of an abundance of caution would be to punish the opponent for being more thorough."). The party making the argument on appeal must have raised it before the district court itself, which Illinois River failed to do. Its statement of undisputed facts contained the results of Google searches for "Hallowine," and a vague assertion that "Hallowine" was commonly used for fall special events. But Illinois River did not argue protectability in response to Door Peninsula's motion for summary judgment. Arguments that are "underdeveloped, conclusory, or unsupported by law" are waived on appeal. *Puffer*, 675 F.3d at 718. Illinois River's argument was all three and thus was waived.

We make one final note: At oral argument, Illinois River argued that it could not have waived its protectability argument because a finding that the mark was, in fact, unprotectable would have gutted Door Peninsula's prima facie case. This is untrue. Summary judgment law "does not permit a nonmovant defendant to delay pointing out claimed flaws in the plaintiff's prima facie case until an appeal is under way." *Resolution Trust Corp. v. Juergens*, 965 F.2d 149, 153 (7th Cir. 1992). The argument was waived; Illinois River cannot circum-

vent decades of our precedent requiring arguments be adequately presented at trial.

### III. CONCLUSION

Illinois River did not adequately present any of its arguments on appeal to the district court. They are all waived, leaving us no alternative but to AFFIRM the district court's decision.