In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 14-2943

ORVIL DUANE HASSEBROCK and
EVELYN HASSEBROCK,

*Plaintiffs-Appellants*,

*v.*

ROBERT G. BERNHOFT, *et al.*,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 10-CV-0679-NJR-DGW — **Nancy J. Rosenstengel**, *Judge*.

_____

ARGUED APRIL 6, 2015 — DECIDED MARCH 7, 2016

_____

Before POSNER and SYKES, *Circuit Judges*, and SIMON, *Chief District Judge*.[*]

SYKES, *Circuit Judge*. Orvil and Evelyn Hassebrock sued their former attorneys and accountants for professional malpractice, but they waited until after discovery closed to file

_____

[*] Of the Northern District of Indiana, sitting by designation.

their expert-witness disclosure. They belatedly moved for an extension of time, but the district court denied the motion and disallowed the expert. Without expert testimony, the Hassebrocks could not prove their claims against either the attorneys or the accountants. The court entered summary judgment for the defendants.

On appeal the Hassebrocks insist that the judge should have applied the disclosure deadline specified in Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure rather than the discovery deadline set by court order. They also challenge the judge's summary-judgment ruling.

We affirm. The disclosure deadline specified in Rule 26(a)(2)(D) is just a default deadline; the court's scheduling order controls. And it was well within the judge's discretion to reject the excuses offered by the Hassebrocks to explain their tardy disclosure. Finally, because expert testimony is necessary to prove professional malpractice, summary judgment was proper as to all defendants.

## I. Background

### A. Factual Background

Orvil Hassebrock and his wife, Evelyn, hired the Bernhoft Law Firm in 2005 to help with a host of legal problems. Most seriously, Orvil was then the subject of a federal criminal tax investigation.[1] The Hassebrocks also believed they had a potential civil claim for investment losses in a compa-

---

[1] Orvil Hassebrock was ultimately found guilty, sentenced to 36 months in prison and 36 months of supervised release, and ordered to pay a fine along with almost $1 million in restitution. We affirmed his prison sentence and remanded for a clarification on the restitution order. *United States v. Hassebrock*, 663 F.3d 906 (7th Cir. 2011).

ny called Semper Libera and a claim against a previous set of lawyers over fees withheld from a settlement recovery.

In 2008 the Hassebrocks became dissatisfied with the firm's attorneys and fired them. In 2010 Orvil filed this suit against the firm in federal court, invoking the court's diversity jurisdiction. He initially proceeded pro se. Several years later he retained counsel, and in 2013 counsel filed an amended complaint adding Evelyn as a plaintiff and multiplying the number of defendants.

We take the following factual narrative from the amended complaint, remembering of course that these are only allegations. The first group of defendants is the Bernhoft Law Firm and two of its attorneys, Robert G. Bernhoft and Robert E. Barnes.[2] The second group of defendants are accountants: John C. Noggle; Noggle's firm, John C. Noggle, CPA, Inc.; and Tim D. Brewer. The accountants came into the picture when the Bernhoft Firm hired Noggle to assist in preparing the Hassebrocks' delinquent tax returns. The Hassebrocks later complained about the quality of Noggle's work, so Bernhoft asked Brewer to help instead. The Hassebrocks were dissatisfied with his work too.

The Hassebrocks allege that the defendants failed to file accurate tax returns on their behalf, resulting in hundreds of thousands of dollars in penalties, interest, and legal and accounting fees. They also allege that the attorney defendants dropped the ball on the Semper Libera claim and the claim about the settlement proceeds.

---

[2] An additional attorney was named in the amended complaint but was never served.

The amended complaint states six claims for relief: (1) a negligence claim against all defendants; (2) a breach-of-contract claim against all defendants; (3) a legal malpractice claim against the law firm and the attorneys; (4) a claim for breach of fiduciary duty against the accounting firm and the accountants; (5) a claim for negligent misrepresentation against the accountants; and (6) a claim against the accountants for aiding and abetting the torts of the attorneys.

## B. Procedural History

The substance of this appeal focuses largely on discovery deadlines, so we'll sketch the relevant procedural history in some detail. The case was litigated in fits and starts because Orvil was initially pro se and the case was twice judicially reassigned.

When Orvil filed his pro se complaint—on September 2, 2010—the case was initially assigned to Judge William Stiehl. It pended for nearly two years while the Hassebrocks secured counsel, which occurred sometime in late 2012. Newly retained counsel did not amend the complaint until March 2013. The defendants then moved to dismiss, and on February 2, 2014, the case was reassigned to Judge Phil Gilbert. By order dated May 2, 2014, Judge Gilbert granted the motion in part and denied it in part. Two weeks later (on May 19) the case was reassigned to Judge Nancy Rosenstengel.

As relevant here, the district court's local rules provide that "[t]he cut-off date for all discovery, *including experts and third parties*, shall not be later than **115 days** prior to the first day of the month of the presumptive trial date." Uniform Trial Practice and Procedures, SDIL-LR Forms Appendix

at ii-iii (Dec. 2009); Timetable and Deadlines Under Federal Rules and Civil Justice Reform Act, SDIL-LR at v (Dec. 2009) (emphasis added). On March 16, 2012, while Orvil was still pro se, the court clerk issued a scheduling order setting September 2013 as the presumptive trial month. Consistent with the local rules, this order established a discovery cut-off date by reference to the presumptive trial month:

> The cut-off date for all discovery, including experts and third parties, shall not be later than **115 days** prior to the first day of the month of the presumptive trial date. Disclosure of experts and discovery with reference to experts and other discovery dates will be set according to the Joint Report of the Parties following their initial meeting or at the schedule and discovery conference before the Magistrate Judge.

On August 20, 2013, the clerk rescheduled the presumptive trial month to December 2013. This order also scheduled a Rule 26(f) pretrial and discovery conference and instructed the parties to submit a joint report and proposed scheduling order.

A motion to reschedule the presumptive trial date followed, and the parties thereafter produced a joint report proposing this schedule for discovery and motions deadlines:

> 5. Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:
>
> Plaintiff's expert(s): June 15, 2014.

Defendant's expert(s): August 15, 2014. …

6. Depositions of expert witnesses must be taken by:

Plaintiff's expert(s): August 15, 2014.
Defendant's expert(s): October 15, 2014. …

7. **Discovery** shall be completed by November 1, 2014 (which date shall be no later than **115 days** before the first day of the month of the presumptive trial month). …

8. All **dispositive motions** shall be filed by December 15, 2014 (which date shall be no later than **100 days** before the first day of the month of the presumptive trial month).

On September 18 the district court reset the presumptive trial month to September 2014. That timeframe obviously didn't mesh with the schedule proposed by the parties in their joint report. It's not entirely clear why the parties' proposed schedule was rejected, but it's reasonable to assume that the court simply wanted to get the case back on track and move it along more quickly.

The next discussion of discovery deadlines occurred on January 17, 2014, during a conference with Magistrate Judge Donald Wilkerson. At the conclusion of that conference, Judge Wilkerson entered the following minute order:

Discovery shall be completed by 5/10/2014. Dispositive motions due by 5/25/2014. The parties are reminded that they may, pursuant to Federal Rule of Civil Procedure 29, modify discovery dates occurring prior to the close of dis-

covery, by agreement, without the Court's involvement, provided that neither the discovery cutoff and dispositive motion deadlines nor the settlement conference date are affected.

In March 2014 the defendants moved to stay discovery until the motions to dismiss were resolved. The Hassebrocks filed an opposition to the motion on March 6, explaining that they fully intended to comply with the discovery deadline. They further explained that

> [t]o comply with the January 17, 2014, Order setting deadlines … , Plaintiffs have calendared events and expended thousands of dollars preparing. The latest of those events will be the final selection of an expert witness which will likely occur in the days to come after the depositions in Chicago next week.

The magistrate judge declined to stay discovery.

Discovery then proceeded, with some hiccups. The defendant Robert Bernhoft did not make himself available for deposition until some 13 days after the May 10 deadline for completion of discovery, following a hearing in which the magistrate judge ordered him to appear. In addition, on April 9 the Hassebrocks asked the court to allow them to disclose the name of their expert witness without the expert's report as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. They explained:

> Although the Hassebrocks have engaged their expert witness, he is awaiting the release and then review of IRS transcripts for tax years 1994–2008 in order to begin calculating ex-

pected damages, among other disclosures which his written report must provide. Because the Hassebrocks believe that information will be soon forthcoming, the delay will be minimal, and well before the discovery cutoff of May 10, 2014, set by this Court.

The court did not rule on this motion, and the May 10 discovery deadline came and went. The Hassebrocks did not disclose either their expert's name *or* his report before the cutoff, as they said they would. Instead, on May 13—*after* discovery closed—they filed a new motion identifying their expert but asking the court to allow additional time to disclose the expert's report. This motion stated, in part:

The Hassebrocks acknowledge that pursuant to this Court's Local Rules, the disclosure of the identity of the expert and report are generally due no later than 115 days before the first day of the month of the presumptive trial date. Yet, the Hassebrocks seek an additional enlargement of 20 days, or until May 30, 2014, to file their expert's report.

At a hearing on May 14 and by written order on May 15, the magistrate judge denied both the April 9 and May 13 motions. The Hassebrocks told the judge that they "were relying upon the 90-day prior to the trial month set forth in Rule 26." As relevant here, Rule 26(a)(2)(D) provides that "[a]bsent a stipulation or a court order, [expert witness] disclosures must be made … at least 90 days before the date set for trial or for the case to be ready for trial."

The magistrate judge rejected the Hassebrocks' argument:

> [T]he Court will take some responsibility here that we didn't have in the discovery order a deadline for experts, but we did have a discovery cutoff and a dispositive motion deadline. And don't know how -- I just don't understand how you could figure that you could disclose experts after the close of discovery or the dispositive motion deadline. That just -- I mean even if the rule said that, it doesn't make sense, does it? That just doesn't make common sense.
>
> …
>
> The Court has set a deadline on a discovery cutoff, and for you to make an assumption that you could do things after that discovery cutoff without leave of court just doesn't make common sense to me.

The Hassebrocks also argued that their tardiness should be excused because they had difficulty gathering the funds to pay an expert witness. The magistrate judge criticized them for not raising this concern earlier and denied their belated request to extend the discovery deadline based on excusable neglect.

The Hassebrocks appealed these rulings to the district judge. While the appeal was pending, they filed their expert report on May 28 and amended it on May 30.

In the meantime, the defendants moved for summary judgment. As we've noted, on May 19 the case was reassigned to Judge Rosenstengel. On August 18, 2014, she held

a hearing to address the appeal of the magistrate judge's rulings and the motions for summary judgment. After clarifying the facts surrounding the expert-witness disclosure, Judge Rosenstengel upheld the magistrate judge's May 15 order, excluded the Hassebrocks' expert witness, and granted the motions for summary judgment. She found no error in the magistrate judge's rulings regarding expert disclosure. On the merits she concluded that without an expert witness, the Hassebrocks would be unable to establish the standard of care owed to them by either the attorneys or the accountants. Without an expert the Hassebrocks had no case, so the judge entered summary judgment for the defendants.

## II. Discussion

The Hassebrocks primarily challenge the exclusion of their expert witness. In the alternative, they argue that even without an expert witness, at least some of their claims remain viable and should not have been resolved against them on summary judgment.

We review discovery-related orders for abuse of discretion. *Jones v. City of Elkhart*, 737 F.3d 1107, 1115–16 (7th Cir. 2013). When, as in this case, the district judge rules on a discovery matter based on an appeal from a magistrate judge's decision, the judge's discretion is constrained: A district judge may reverse a magistrate judge's discovery ruling only when it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); s*ee also Jones*, 737 F.3d at 1115–16 (reviewing for abuse of discretion the district court's affirmance on clear-error review of a magistrate judge's quashing of a subpoena).

The Hassebrocks' primary contention is that the expert-witness disclosure deadline was actually June 3, 2014, not May 10, 2014. They insist that the district court should have applied the expert-witness disclosure deadline specified in Rule 26(a)(2)(D) rather than the discovery deadline set by court order.

This argument is easily dismissed. Among other discovery requirements, Rule 26 requires parties to disclose the identity of any expert witness they intend to present at trial, together with "a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." FED. R. CIV. P. 26(a)(2)(A), (B). The rule also sets a default deadline for the required disclosures:

> **Time to Disclose Expert Testimony**: A party must make these disclosures at the times and in the sequence that the court orders. *Absent a stipulation or a court order*, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial … .

FED. R. CIV. P. 26(a)(2)(D)(i) (emphasis added).

The default deadline in the rule does not apply in this case because there was a court order setting a discovery deadline. As we've explained, on January 17, 2014, the magistrate judge ordered that "[d]iscovery shall be completed by 5/10/2014" and referred to that date as the "close of discovery." The Hassebrocks make much of the fact that the order didn't say that "*all* discovery shall be completed" by that date, but that hardly matters. The addition of the word "all"

would have been superfluous. Indeed, in their April 9 motion asking for leave to disclose their expert without an accompanying report, the Hassebrocks made it clear that they understood the May 10 deadline as the final date to conclude all discovery: They promised to disclose their expert's report "well before the discovery cutoff of May 10, 2014."

The Hassebrocks' May 13 motion requesting an after-the-fact extension of time reinforces the point. Rule 6 provides that when a request for extension of time is made *after* an expired deadline, "the court may, for good cause, extend the time … if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B); s*ee, e.g.*, *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014) (discussing the requirements for excusable neglect). The Hassebrocks advanced an argument for excusable neglect; they explained that they had difficulty raising the funds needed to pay an expert witness. So there was no misunderstanding here. The Hassebrocks clearly grasped that the May 10 deadline applied to *all* discovery.

If a party doesn't make a timely and complete expert-witness disclosure, the expert's testimony ordinarily can't be presented at trial:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

FED. R. CIV. P. 37(c)(1).

As the district judge saw it, the Hassebrocks' delay was neither substantially justified nor harmless. The judge noted that the Hassebrocks could have raised the issue of their financial constraints much earlier, before the discovery deadline lapsed, but instead their April 9 motion assured the court that they would provide the necessary expert disclosures "well before" the May 10 deadline. The judge also noted that reopening discovery would prejudice the defendants because the case was old and had already moved to the summary-judgment stage. Reopening discovery would cause further delay and require the defendants to prepare new motions on potentially different grounds. This reasoning is sound in all respects. We find no abuse of discretion.

On the merits our review is de novo. *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014). All claims in this case sound in professional negligence (i.e., negligence and malpractice) or are duplicative or derivative of the claims for professional negligence.

To prove a professional negligence case under Illinois law,

> the established standard of care … is stated as the use of the same degree of knowledge, skill and ability as an ordinarily careful professional would exercise under similar circumstances. … The standard recognizes that lay jurors are not equipped to determine what constitutes reasonable care in professional conduct without measuring the actor's conduct against that of other professionals.

*Advincula v. United Blood Servs.*, 678 N.E.2d 1009, 1020–21 (Ill. 1996). Moreover, "in professional negligence cases, … the plaintiff bears a burden to establish the standard of care through expert witness testimony." *Id.* at 1021.

A legal malpractice claim thus requires expert legal testimony to establish the attorney's professional standard of care, with a narrow exception for "common knowledge" situations. When the "common knowledge or experience of lay persons is extensive enough to recognize or infer negligence from the facts, or … an attorney's negligence is so grossly apparent that a lay person would have no difficulty appraising it," a plaintiff can proceed to trial without expert testimony. *Hatchett v. W2X, Inc.*, 993 N.E.2d 944, 963 (Ill. App. Ct. 2013) (internal quotation marks omitted); a*ccord Ball v. Kotter*, 723 F.3d 813, 821 (7th Cir. 2013).

The standard of care for accountants is established in the same manner as it is for attorneys—with expert testimony. *See generally Bd. of Trs. of Cmty. Coll. Dist. No. 508 v. Coopers & Lybrand*, 803 N.E.2d 460, 468 (Ill. 2003) (Illinois law holds accountants "to the same standard as surgeons or any other professional service providers."). So the defendants are entitled to summary judgment unless the common-knowledge exception applies.

The Hassebrocks say that they should at least have the opportunity to prove that the attorneys wholly failed to pursue a claim related to their investment losses in Semper Libera, which they contend is a breach of duty sufficiently obvious as to fit within the common-knowledge exception. There are two problems with this argument. First, the Hassebrocks failed to raise it in their cursory three-page response to the summary-judgment motion in the district

court—or at the motion hearing, for that matter. That constitutes a waiver. *See C & N Corp. v. Gregory Kane & Ill. River Winery, Inc.*, 756 F.3d 1024, 1026 (7th Cir. 2014) (arguments not made in response to summary-judgment motion are waived).

Even if the argument was not waived, however, the Hassebrocks failed to support it in this court with anything more than abstract generalities. Surviving a motion for summary judgment requires showing a genuine dispute of fact sufficient to establish the need for a trial. *See* FED. R. CIV. P. 56(a), (c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("[T]he nonmoving party [is required] to go beyond the pleadings" to survive summary judgment.). The Hassebrocks point to no evidence to support their allegations of negligence on the Semper Libera claim. To the contrary, the only facts of record on this point come from the attorney defendants, who direct us to evidence showing the Hassebrocks' allegations to be false. According to Bernhoft's affidavit, he told the Hassebrocks that the Semper Libera claim—valued at a little over $50,000 (at best)—was not worth pursuing in light of the likely expense of litigation, so he recommended instead that they deduct the loss on their tax return (which, incidentally, they did). This evidence is uncontradicted. The common-knowledge exception does not apply. The absence of an expert witness is fatal to the negligence and malpractice claims.

The breach-of-contract claim directly incorporates the professional duties of care that, as we've said, require expert testimony:

> 44. The Hassebrocks entered into a contract
> with attorney Defendants which also created

> an express[] or implied contractual or mutual relationship with accounting Defendants, whereby all Defendants agreed to provide skilled and specialist ongoing services in the areas of accounting, federal tax matters, and civil litigation and recovery.

> 45. All Defendants owed the Hassebrocks a duty to render legal and accounting services and perform their obligations and commitments *within the standard of care of reasonable attorneys, law firms, CPA or accounting firms, in the local legal and accounting community.*

(Emphasis added.)

Even if the contract claim had been stated in a way that was less obviously duplicative of the negligence claims, summary judgment remains appropriate. The contracts that were supposedly breached are ones for professional services, after all. Unlike an ordinary contract dispute, in this context the question of breach doesn't turn on whether the defendants complied with specific terms in the contract but rather on whether they rendered professionally competent services within the standard of care. A plaintiff "cannot be permitted, by recharacterizing the claim—whether by calling the [lawyer's action] a breach of fiduciary obligation or by contending that his contract with the law firm contained an implied promise not to commit such [acts]—to get around the requirement of presenting expert testimony." *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.,* 385 F.3d 737, 744 (7th Cir. 2004).

Similarly, the claim for breach of fiduciary duty against the accountants also depends on expert testimony to establish the duty. Fiduciaries owe duties of "candor, rectitude, care, loyalty, and good faith." *Miller v. Harris*, 985 N.E.2d 671, 679 (Ill. App. Ct. 2013) (quotation marks omitted). The claim here is more properly regarded as an accounting malpractice claim because the alleged breach is based on the quality of the work performed. *See Nettleton v. Stogsdill*, 899 N.E.2d 1252, 1270 (Ill. App. Ct. 2008) (affirming dismissal of breach-of-fiduciary-duty claim as duplicative with malpractice claim). And as we've seen, establishing the duty of care for accountants requires expert testimony.

The claim for negligent misrepresentation alleges that mistakes in the Hassebrocks' income-tax filings are attributable to the negligence of the accountants. The Hassebrocks concede that summary judgment on this claim is appropriate if they can't use their expert.

The final claim is a derivative one for aiding and abetting the various breaches of duty by the others. The Hassebrocks are unable to establish *any* breach of duty for the reasons we've already explained. The claim for aiding and abetting necessarily fails.[3]

---

[3] The Hassebrocks advance two additional arguments for reversal of the judgment in favor of Barnes. They say he was not entitled to summary judgment because he filed his motion two days after the expiration of the deadline for dispositive motions and the district court never explicitly granted an extension of time. This argument asks us to remand a case for trial when we know the plaintiffs cannot win because they have no expert witness. That would be a waste of time, money, and judicial resources. The Hassebrocks also argue that Barnes was not entitled to summary judgment because he did not formally raise the expert-witness

AFFIRMED.

---

issue in the district court. It's true that Barnes did not include this argument in his summary-judgment brief; he argued instead that the Hassebrocks have no evidence of his personal liability for any professional negligence. At the motion hearing, however, Barnes specifically said he joined and adopted the arguments raised by the other defendants about the need for an expert witness. That's enough to preserve the argument.