> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 11, 2017*
Decided January 13, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3124

| | |
|---|---|
| JANADA GARNER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | |
| | No. 1:13-cv-02043-TWP-DKL |
| EXECUTIVE MANAGEMENT SERVICES, INC., and STANLEY MILLS, | Tanya Walton Pratt, |
| *Defendants-Appellees.* | *Judge.* |

## O R D E R

Janada Garner appeals the district court's grant of summary judgment to her former employer, Executive Management Services, Inc., in her Title VII action. In the district court, she asserted that EMS subjected her to a hostile work environment and discharged her in retaliation for both filing a charge with the Equal Employment Opportunity Commission and complaining to human resources about her supervisors.

---

* We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

The district court concluded that a factfinder reasonably could not find that Garner experienced a hostile work environment because she had not been subjected to severe or pervasive harassment. The district court also decided that her retaliation claim did not raise a fact question because complaining about her supervisors does not constitute protected activity under Title VII and because the record did not contain a sufficient causal connection between Garner's EEOC charge and her discharge.[1]

Garner's brief on appeal nearly fails the requirement that appellants' arguments be supported with reasons. FED. R. APP. P. 28(a)(8)(A). But generously construing her pro se brief, we discern one issue for review—whether the district court erred in determining that the temporal proximity between her EEOC charge (April 2013) and termination (November 2013) was not a sufficient causal connection for her retaliation claim to survive summary judgment. Garner now asserts that she was fired in mid-March 2013 rather than November 2013, but this revised timeline (which she does not support with any material evidence) makes little sense because she attributes her discharge to her filing of a *later* EEOC charge.  Garner also asserts for the first time that she was fired for filing a police report against a coworker in early March 2013. But she waived this argument by not developing it during proceedings in the district court. *See United States v. Hook*, 471 F.3d 766, 775 (7th Cir. 2006).

Finally, Garner claims for the first time that EMS violated her First Amendment rights by suspending her because she contacted an EMS customer. Not only did she waive this claim by raising it for the first time on appeal, *see C & N Corp. v. Gregory Kane & Ill. River Winery, Inc.*, 756 F.3d 1024, 1026–27 (7th Cir. 2014), but she cannot sue a private party for abridging free speech unless it engaged in joint action with a state official under color of law, which she has not established. *See Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 619 (1991); *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).

AFFIRMED.

---

[1] Garner also claimed that Stanley Mills, an EMS employee, defamed her, but the court granted Mills summary judgment, which Garner does not appeal.