**Rosie Tyler LEWIS, Plaintiff-Appellant,**

v.

**JOLIET POLICE DEPARTMENT and Lois Barber, Defendants-Appellees.**

**No. 16-3005**

United States Court of Appeals, Seventh Circuit.

Submitted April 13, 2017 *

Decided April 14, 2017

Rehearing Denied May 4, 2017

---

* We have agreed to decide the case without oral argument because it would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). One of the two defendants, the Joliet Police Department, is not a suable entity, *see Sow v.*

Rosie Lewis, Pro Se

Before JOEL M. FLAUM, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge

### ORDER

Rosie Lewis brought this civil rights lawsuit, alleging that on April 17, 2015, she was "arrested" without probable cause and with "excessive force" in a "conspiracy" between the Joliet Police Department and Lois Barber, an acquaintance. After granting Lewis's application to proceed in forma pauperis, the district court ruled that the complaint was vague, conclusory, and contradicted by an attachment. The court therefore dismissed the complaint for failing to state a claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). It gave her three weeks to file an amended complaint. *See* FED. R. CIV. P. 15(a). After Lewis did not do so, the court dismissed her lawsuit with prejudice.

On appeal Lewis does not address the district court's reasons for its decision. Instead she complains about a different incident not mentioned anywhere in her filings with the district court. She accuses the defendants and a new group of people of "wrongfully evict[ing]" her from her Joliet Housing Authority unit on May 28, 2015. This transformation of her case from wrongful arrest to wrongful eviction is fatal to her appeal for two reasons.

*Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011), and it was not served with process in the district court. Neither defendant is participating in this appeal.

First, she may not raise a claim on appeal that she did not present in the district court. *See C & N Corp. v. Gregory Kane & Ill. River Winery, Inc.*, 756 F.3d 1024, 1026 (7th Cir. 2014). Second, she has not complied with Federal Rule of Appellate Procedure 28(a)(8), which requires that an appellate brief contain an argument that engages with the district court's reasoning. Even pro se litigants must follow this rule. *See Neitzke v. Williams*, 490 U.S. 319, 327–28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). Because she has not complied with this rule, the appeal is DISMISSED.