**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2017[*]
Decided April 14, 2017

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-3005

| | |
|---|---|
| ROSIE TYLER LEWIS, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 16 C 00025 |
| JOLIET POLICE DEPARTMENT and | |
| LOIS BARBER, | Sharon Johnson Coleman, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Rosie Lewis brought this civil rights lawsuit, alleging that on April 17, 2015, she was "arrested" without probable cause and with "excessive force" in a "conspiracy"

---

[*] We have agreed to decide the case without oral argument because it would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). One of the two defendants, the Joliet Police Department, is not a suable entity, *see Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011), and it was not served with process in the district court. Neither defendant is participating in this appeal.

between the Joliet Police Department and Lois Barber, an acquaintance. After granting Lewis's application to proceed in forma pauperis, the district court ruled that the complaint was vague, conclusory, and contradicted by an attachment. The court therefore dismissed the complaint for failing to state a claim on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). It gave her three weeks to file an amended complaint. *See* FED. R. CIV. P. 15(a). After Lewis did not do so, the court dismissed her lawsuit with prejudice.

On appeal Lewis does not address the district court's reasons for its decision. Instead she complains about a different incident not mentioned anywhere in her filings with the district court. She accuses the defendants and a new group of people of "wrongfully evict[ing]" her from her Joliet Housing Authority unit on May 28, 2015. This transformation of her case from wrongful arrest to wrongful eviction is fatal to her appeal for two reasons. First, she may not raise a claim on appeal that she did not present in the district court. *See C & N Corp. v. Gregory Kane & Ill. River Winery, Inc.*, 756 F.3d 1024, 1026 (7th Cir. 2014). Second, she has not complied with Federal Rule of Appellate Procedure 28(a)(8), which requires that an appellate brief contain an argument that engages with the district court's reasoning. Even pro se litigants must follow this rule. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). Because she has not complied with this rule, the appeal is DISMISSED.