**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2018[*]
Decided November 26, 2018

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

Nos. 18-1561 & 18-2755

| | |
|---|---|
| GARY WILSON,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br><br>CITY OF EVANSVILLE, *et al.*,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Southern District of Indiana, Evansville Division.<br><br>No. 3:16-cv-00039-TWP-MPB<br><br>Tanya Walton Pratt,<br>*Judge*. |

## O R D E R

Gary Wilson brought an excessive-force claim against two police officers who arrested him. The district judge entered summary judgment for the defendants. On appeal, Wilson argues that the officers unlawfully deprived him of crucial evidence of their use of force when they did not turn on their body cameras during the arrest.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Because Wilson did not raise this theory of his case when opposing the motion for summary judgment, the argument is waived, and so we affirm the judgment.

We recite the undisputed facts in the light most favorable to Wilson and give him the benefit of all reasonable inferences that may be drawn from the record. *Horton v. Pobjecky*, 883 F.3d 941, 944 (7th Cir. 2018). City of Evansville Police Officers Bryan Underwood and Jonathan Oakley struck and tased Wilson while seizing him, even though Wilson contends that he never resisted arrest. Wilson sustained a cut and two black eyes and continues to suffer blurred vision, occasional tremors, and a fear of police. Underwood and Oakley were wearing body cameras while making the arrest but never turned them on. They joked after the arrest that the cameras were not working.

Wilson sued Underwood and Oakley for using excessive force to arrest him and for failing to protect him from harm. After discovery, the defendants moved for summary judgment. Wilson, who was represented by counsel, opposed the motion, arguing in relevant part that Underwood's and Oakley's conduct and comments regarding their body cameras "demonstrat[ed] the officers' intent to use excessive force." According to the district judge, however, the record showed that Wilson was known to be unfriendly to police and to carry pepper spray or a knife; he fled to evade arrest and was told to "quit resisting"; and the police stopped using force once both hands were in handcuffs. Therefore, the district court entered summary judgment for the defendants, concluding that a reasonable jury could not find that the force used was excessive and that the officers were otherwise entitled to qualified immunity.

Wilson, pro se, moved for reconsideration, arguing for the first time that by not turning on their body cameras, Underwood and Oakley "failed to preserve" evidence of their misconduct and therefore violated his due-process rights. He also moved to compel the production of a third officer's body-camera footage, which Underwood mentioned during his deposition. That footage, Underwood said, depicted "the part where we were talking about what happened with our sergeant." The judge denied both motions.

On appeal, Wilson again asserts that the officers violated his due-process rights by not turning on their body cameras before seizing him, and he challenges the district judge's denial of his post-judgment motion to compel. He adds that the City of Evansville failed to train its officers sufficiently on the proper use of body cameras. The officers and the City respond that Wilson waived his arguments.

We agree with the appellees. An appellant waives the right to argue an issue on appeal if he does not raise it in the district court first. *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 755 (7th Cir. 2017); *Robyns v. Reliance Standard Life Ins. Co.*, 130 F.3d 1231, 1237–38 (7th Cir. 1997). At the summary-judgment stage, Wilson did not mention the City's purported failure to train the officers. With respect to the body cameras, Wilson argued solely that the officers' failure to turn on their cameras demonstrated their intent to use excessive force. He did not argue that the officers unlawfully failed to turn on their body cameras or that he was prejudiced by the lack of video evidence. Nor did he present an "affidavit or declaration [showing] that, for specified reasons, [he could not] present facts essential to justify [his] opposition" to the summary-judgment motion. See FED. R. CIV. P. 56(d). Through that procedure, Wilson could have argued that he needed the third officer's body-camera footage to establish a dispute of material fact for his excessive-force and failure-to-protect claims. He did not; therefore, he cannot raise that theory on appeal. For that matter, it also was too late when he raised his "due-process" argument for the first time in his motion to reconsider, see *Fenster v. Tepfer & Spitz, Ltd.*, 301 F.3d 851, 859 (7th Cir. 2002), so the judge did not abuse her discretion in denying that motion.

For similar reasons, the judge also did not abuse her discretion in declining to reopen discovery after she entered summary judgment. See *Hassebrock v. Bernhoft*, 815 F.3d 334, 341 (7th Cir. 2016). Underwood's deposition revealed the existence of the third officer's body-camera footage. Thus, Wilson could have moved to compel its production before the summary-judgment stage, or again, he could have sought it pursuant to Rule 56(d) after the defendants moved for summary judgment.

Therefore, we AFFIRM the judgment of the district court.